UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

USA,

        Plaintiff,

    v.

VENKAT AACHI,

        Defendant.

Case No. 18-cr-00490-EJD-1

**ORDER DENYING MOTION TO ABATE AND VACATE THE SENTENCE; SETTING ASIDE FINE AND SPECIAL ASSESSMENT; EXONERATING BOND**

Re: Dkt. No. 66

On January 16, 2020, Defendant Venkat Aachi ("Aachi") died, just days before he was to self-surrender and begin his prison sentence. Defense counsel (substituted March 26, 2020) filed the instant Motion to Abate and Vacate the Sentence Imposed. Mot. to Abate and Vacate the Sentence Imposed ("Mot."), Dkt. No. 66. The Government filed a response in opposition to the Motion (Gov't's Resp. to Mot. to Abate Judgment ("Gov't Resp."), Dkt. No. 67), and defense counsel filed a reply in support of the motion (Reply in Supp. of Mot. to Abate and Vacate the Sentence Imposed ("Reply"), Dkt. No. 68). The Court held a hearing on the Motion on May 24, 2021. May 24, 2021 Minute Entry, Dkt. No. 74.

Having considered the parties' papers, the arguments made at the hearing, and the relevant legal authority, the Court **DENIES** without prejudice the motion to vacate and abate the sentence, **SETS ASIDE** the fine ($10,000) and special assessment ($200), and **EXONERATES** the bond, for the reasons stated at the hearing and set forth below.

## BACKGROUND

On March 25, 2019, having entered into a plea agreement with the Government, Aachi

pled guilty to counts 1 and 7 of the indictment (for distributing Hydrocodone outside the scope of professional medical practice, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), and health care fraud, in violation of 18 U.S.C. § 1347). Mot. at 1.

Between July 30 and September 23 of 2019, Aachi was diagnosed with cirrhosis of the liver, anemia and microcytic anemia, esophageal varices, thrombocytopenia, GI hemorrhage, and gastric antral vascular ectasia, and was hospitalized and received blood transfusions and paracentesis. *Id*.

On October 21, 2019, Aachi was sentenced. *Id*. Aachi was to serve twenty-four months in prison; upon his release from prison, he would be on supervised release for three years; he was to pay a special assessment of $200.00, a fine of $10,000, and restitution of $82,616.85 (in payments of $1,000 per month), with payment to begin sixty days after his release from prison; and he was to forfeit the $48,935.00 seized from his bank account. *Id*. at 1-2. Aachi was ordered to self-surrender on January 22, 2020. *Id*. at 2.

Aachi was hospitalized again from October 30, 2019 to November 1, 2019. *Id*. at 4. During that time, he was also diagnosed with portal hypertension and received further transfusions (three units of blood). *Id*. Between November 2, 2019 and January 2, 2020, Aachi endured additional brief hospitalizations and out-patient treatment. *Id*. On January 3, 2020, he was once again admitted to the hospital (first for treatment), where he remained (for palliative then comfort care) until his death on January 16, 2020. *Id*. Aachi died days before he was to self-surrender and begin his prison sentence. *Id*. at 2.

## LEGAL STANDARD

"In the event of the death of the person ordered to pay restitution, the individual's estate will be held responsible for any unpaid balance of the restitution amount." 18 U.S.C. § 3613(b). However, "[t]he liability to pay a fine shall terminate . . . upon the death of the individual fined." *Id*.

///

CASE NO.: 18-CR-00490-EJD-1
ORDER DENYING MOTION TO ABATE AND VACATE THE SENTENCE IMPOSED; SETTING ASIDE FINE AND SPECIAL ASSESSMENT; EXONERATING BOND

## DISCUSSION

**A.  Restitution**

### 1.  Abatement *Ab Initio* Does Not Apply

Defense counsel argues the doctrine of abatement *ab initio* should apply[1] in this case, and that the Court should therefore abate and vacate the sentence imposed, thus releasing his estate from paying the owed restitution, forfeiture, special assessment, and fine. Mot. at 5-6; Reply at 5. Generally, liability does not terminate upon the death of the defendant. 18 U.S.C. § 3613(b). However, "[d]eath pending appeal of a criminal conviction abates not only the appeal but all proceedings in the prosecution from its inception", thereby voiding liability. *United States v. Oberlin*, 718 F.2d 894, 895 (9th Cir. 1983) (citations omitted). "When an appeal [*is pending*] and death has deprived the accused of his right to [the court of appeals'] decision, the interests of justice ordinarily require that he not stand convicted without resolution of the merits of his appeal, which is an integral part of [our] system for finally adjudicating [] guilt or innocence." *Id*. at 896 (citations and internal quotation marks omitted) (emphasis added). "Thus, the death of a criminal defendant pending an appeal of right will abate the prosecution *ab initio*, although death pending the Supreme Court's discretionary determination on a petition for a writ of certiorari will not. *Id*. at 896. Abatement *ab initio* applies, with equal force, when a defendant dies "*before judgment was entered*", as the defendant "possesse[s] an appeal of right." *United States v. Oberlin*, 718 F.2d 894, 896 (9th Cir. 1987) (emphasis added).

No appeal or direct review was pending at the time of Aachi's death. Additionally, in his

---

[1] Defense counsel argues for the doctrine's application based on both the modern rational—whether there is a pending appeal or the defendant "possessed an appeal of right"—and the older historical rationale. Mot. at 6. Under the older historical rational, because the purpose of criminal proceedings and sentencing is penal, and a defendant cannot be punished after death (and death frustrates the purpose of punishment), there is no reason for the conviction or sentence to stand. It is true that, under the older rational, actions brought under statutes that were "primarily penal in nature" did not survive the death of the wrongdoer, while actions brought under statutes with a remedial purpose did survive. *Bracken v. Harris & Zide, L.L.P.*, 219 F.R.D. 481, 483 (N.D. Cal. 2004) (citing *Oberlin*, 718 F.2d at 896 (citations omitted)). However, "restitution payments have both [remedial] and penal purposes, and the Court of Appeals has "expressly declined to apply the distinction between the penal and the [remedial] to restitution abatement." *United States v. Rich*, 603 F.3d 722, 729 (9th Cir. 2010) (citations omitted). Therefore, the Court considers the modern rational here.

CASE NO.: 18-CR-00490-EJD-1
ORDER DENYING MOTION TO ABATE AND VACATE THE SENTENCE IMPOSED; SETTING ASIDE FINE AND SPECIAL ASSESSMENT; EXONERATING BOND

plea agreement, Aachi waived his right to appeal, though he did not waive his right to claim ineffective assistance of counsel. Plea Agreement, Dkt. No. 23 at ¶ 4; Mot. at 5 n.9. Citing *Oberlin*, Defense counsel argues that, because Aachi did not waive his right to collaterally attack his conviction by claiming ineffective assistance of counsel ("IAC"), the case was "pending appeal" or Aachi "possessed an appeal of right" when he died, and therefore the Court should abate Aachi's prosecution *ab initio*. *Id*. However, in *Oberlin*, the Court of Appeals determined that, having died "*before judgment was entered*" (*and* before the notice of appeal was filed), "at the time of his death, Oberlin possessed an appeal of right from his conviction." *Oberlin*, 718 F.2d at 896 (emphasis added). Here, judgment was entered and became final months before Aachi passed away. And there is no evidence or indication in the record that Aachi filed an IAC claim prior to his death, or that he even intended to file such a claim. Therefore, Aachi did not die "pending appeal", and the doctrine of abatement *ab initio* does not apply in this case.

### 2. Aachi Was Competent at the Plea Hearing and Sentencing

Defense counsel alternatively asserts that, due to Aachi's end-stage liver disease and other related medical conditions (diagnosed after the plea hearing but before sentencing), Aachi was not competent when he pled guilty or at sentencing. Reply at 1-5. Defense counsel argues that the Court should therefore vacate the sentence imposed, as both Aachi's plea and sentencing are not valid. *Id*.

If a person suffers from an illness and has physical symptoms, it does not automatically mean the person lacks competence. There is no indication in the record (no medical records, reports, or statements from Aachi's doctors) that Aachi suffered any mental impairment during his illness, particularly around the time of his plea hearing or sentencing. Additionally, at *both* the plea hearing and sentencing, the Court asked Aachi and his original defense counsel if any physical or mental condition impacted Aachi's competence. While it is now alleged that Aachi was already experiencing a symptom of his illness (his legs were swollen) at the time of the plea hearing, neither he nor his attorney informed the Court, nor did either say that Aachi's competence

CASE NO.: 18-CR-00490-EJD-1
ORDER DENYING MOTION TO ABATE AND VACATE THE SENTENCE IMPOSED; SETTING ASIDE FINE AND SPECIAL ASSESSMENT; EXONERATING BOND

4

was impacted. And though Aachi's illness had been diagnosed prior to sentencing, and there was discussion of Aachi's diagnosis and then-current physical condition at sentencing (especially as it pertained to a medical designation for his then-pending imprisonment), neither Aachi nor his attorney said that his physical condition impacted his competence, or that he was in any way not competent during sentencing. In the Court's interactions with Aachi, he was alert and spoke coherently, and his demeanor gave the Court no indication his competence was impaired. Without any indication Aachi lacked competence during his plea hearing or sentencing, the Court cannot conclude his plea or sentencing were invalid.

### 3. Imprisonment Was Not a Precondition to Restitution

Finally, defense counsel contends that the language used in the plea agreement and at sentencing made imprisonment a precondition to the payment of restitution, and that because Aachi did not and never will serve his prison sentence, there should be no payment of restitution. Reply at 5-6; May 24, 2021 Minute Entry. The Court rejects this argument. The plea agreement included a provision stating that, regardless of any payment schedule "imposed by the Courts", the Government "may seek immediate collection of the entire fine, forfeiture, or restitution", as "any fine, forfeiture, or restitution imposed by the Court" is "due immediately and subject to immediate enforcement by the [G]overnment." Plea Agreement at 7. Imprisonment was in no way a precondition to payment of restitution, nor was it ever intended to be a precondition; rather, the Court established a payment schedule, one that would not delay Aachi's serving his prison sentence.

Overall, abatement *ab initio* does not apply in this case, there was no indication Aachi lacked competence at either the plea hearing or his sentencing, and imprisonment was in no way a precondition to Aachi's payment of restitution. Therefore, the Court will not abate and vacate the sentence imposed, and Aachi's estate must pay the owed restitution and forfeiture.

### B. Fine and Special Assessment

As stated above, "[t]he liability to pay a fine shall terminate . . . upon the death of the

CASE NO.: 18-CR-00490-EJD-1
ORDER DENYING MOTION TO ABATE AND VACATE THE SENTENCE IMPOSED;
SETTING ASIDE FINE AND SPECIAL ASSESSMENT; EXONERATING BOND

1   individual fined." 18 U.S.C. § 3613(b).  The liability to pay the imposed fine terminated upon

2   Aachi's death.  Accordingly, the Court **SETS ASIDE** the fine and special assessment.

## CONCLUSION

For the reasons stated above and at the hearing, the Court **DENIES** without prejudice the motion to vacate and abate the sentence, **SETS ASIDE** the fine ($10,000) and special assessment ($200), and **EXONERATES** the bond.

**IT IS SO ORDERED.**

Dated: July 19, 2021

EDWARD J. DAVILA
United States District Judge

**CASE NO.: 18-CR-00490-EJD-1**
**ORDER DENYING MOTION TO ABATE AND VACATE THE SENTENCE IMPOSED; SETTING ASIDE FINE AND SPECIAL ASSESSMENT; EXONERATING BOND**
6